UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JIMMY COBB | : | DOCKET NO. 19-cv-01451 |
| REG. # 00504-120 | | SECTION P |
| | | |
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| | | |
| WARDEN MYERS | : | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241 by Jimmy Cobb (Cobb) who is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Cobb was indicted in the United States District Court for the Middle District of Georgia on November 17, 2017, on one count of attempted online enticement of a minor, in violation of Title 18 U.S.C § 2422(b). *United States v. Cobb*, No. 4:17-cr-0051 (M.D. Ga.); doc. 1. On November 29, 2017, Cobb was arraigned, entered a plea of not guilty (*id*. at doc. 7) and ordered detained pending trial (i*d*. at doc. 11). On March 5, 2018, Cobb entered a plea of guilty on one count of use of facilities in interstate and foreign commerce to transmit information about a minor, a violation of 18 U.S.C. § 2425. *Id*. at doc. 33. On June 29, 2007, he was sentenced to a term of 24 months. *Id*. at doc. 52.

A direct appeal was filed on July 9, 2019 (*id*. at doc. 76) and denied on September 12, 2019 for failure to prosecute (*id*. at doc. 91).

Cobb filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on November 26, 2018, alleging ineffective assistance of trial counsel.  *Id*. at doc. 59.  This motion is still pending.

Cobb now brings the instant petition for habeas relief under 28 U.S.C. § 2241, asserting that he is entitled to relief under § 2255's savings clause.

## II.
### LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Section 2241*

The primary procedural vehicle by which a federal prisoner may collaterally attack the legality of his sentence is 28 U.S.C. § 2255.  *See Cox v. Warden, Fed. Detention Ctr*., 911 F.2d 1111, 1113 (5th Cir. 1990). However, a federal prisoner may use § 2241 to challenge the legality

of his sentence if he can satisfy the requirements of the § 2255 "savings clause." The savings clause

provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is
> authorized to apply for relief by motion pursuant to this section, shall not
> be entertained if it appears that the applicant has failed to apply for relief,
> by motion, to the court which sentenced him, or that such court has denied
> him relief, unless it also appears that the remedy by motion is inadequate or
> ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective.

*Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (*quoting Pack v. Yusuff*, 218

F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for §

2255 and the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901;

*see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not

establish the inadequacy or ineffectiveness of the section 2255 remedy.").

Utilization of § 2241 instead of § 2255 is limited to very specific situations, and a petitioner

seeking relief under the savings clause of § 2255 must demonstrate that (1) his claim is based on

a retroactively applicable Supreme Court decision which establishes that the petitioner may have

been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time

when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See*

*Reyes-Requena*, 243 F.3d at 904.

Here, Cobb has failed to establish that he is entitled to rely on the savings clause of § 2255.

His § 2255 claims are currently pending in the jurisdiction in which his federal sentence was

imposed. He therefore has failed to show that § 2255 is an inadequate or ineffective remedy. He

has also failed to cite any retroactively applicable Supreme Court decision establishing that he may

have been convicted of a nonexistent offense. The petition should be dismissed for lack of

jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir.) (remanding a case for dismissal for lack of jurisdiction when the petitioner failed to show § 2255 inadequate or ineffective).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITH PREJUDICE**, for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 19th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE